UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

RICHARD D.[1], )
)
    Plaintiff, )
)
v. ) CIVIL NO. 1:18cv388
)
ANDREW SAUL, )
Commissioner of Social Security, )
)
    Defendant. )

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. § 423(a), § 1382c(a)(3). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

---

[1] To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act

through September 30, 2017.

2. The claimant has not engaged in substantial gainful activity since December 5, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: depression, anxiety, lumbar degenerative disc disease, and chronic fatigue syndrome (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he requires the option to alternate position every 30 minutes; sit 6 hours in an 8-hour workday; occasionally climb stairs and ramps, never climb ladders/ropes/scaffolds; occasional balancing; occasional stooping, kneeling, crouching, and crawling; limited to work involving simple, routine, and repetitive tasks; should not be exposed to sudden or unpredictable work place changes in terms of use of work tools, work process, or work setting, and if there are work place changes such changes should be introduced gradually; occasional appropriate interaction with the general public; occasional interaction with co-workers; occasional interaction with supervisors for necessary instruction related to task completion; and must avoid concentrated exposure to dangerous machinery and unprotected heights.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 25, 1964 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date . The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills ( See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 16.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 5, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12 - 21 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on May 14, 2019. On June 21, 2019, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not

disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the RFC and erred in not considering the combined impact thereof.

An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe. 20 C.F.R. § 404.1545(a). The hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *Varga v. Colvin*, 794 F. 3d 809, 813 (7th Cir. 2015). Moreover, an ALJ may not ignore entire lines of evidence. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir.2008). In explaining why in assessing RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe,'" SSR 96-8p explains:

> While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

SSR 96-8p, 1996 WL 374184 at *5. When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered "severe." *Id*. § 404.1545(a)(2), (b), (c). Mental limitations must be part of the RFC assessment, because "[a] limited ability to carry out certain mental activities, such as limitations in

5

understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." *Id*. § 404.1545(c). *Craft v. Astrue*, 539 F. 3d. 668, 676 (7th Cir. 2008), emphasis added.

As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir.2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical."); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir.2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *see also* SSR 96-5p, 1996 WL 374183, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545.

In the present case, Plaintiff argues that the ALJ's analysis of the mental health impairment and the ALJ's omission of supported limitations from the hypothetical and the RFC constitute error. Plaintiff contends that the ALJ's hypothetical and RFC do not account for limitations in concentration, persistence, and pace. This failure runs contrary to long established case law as set forth in *Yurt v. Colvin*, 758 F.3d. 850 (7th Cir. 2014).

In the ALJ's decision, at Step 3, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace. This may not have been enough to justify a "listing" finding under the "B" criteria; however, the decision cannot be consistent with itself if this finding does

6

not translate into concentration, persistence, and pace limitations that are incorporated into the RFC. The ALJ limited Plaintiff to simple tasks/decisions, and to routine changes in work setting with gradual/predictable changes. Plaintiff argues that this limitation is insufficient under the *Yurt* standard to encompass concentration, persistence, and pace (CPP) factors—as it lacks any persistence limitation, which is the key CPP factor at issue in this case.

Plaintiff asserts a history of bipolar disorder, social anxiety disorder, generalized anxiety disorder and PTSD. Plaintiff further asserts that his mental health was aggravated by his chronic fatigue syndrome, migraines, and contemplated conversion symptoms, leading to CPP deficits.

The State agency psychological consultants Dr. Gange and Johnson both opined that Plaintiff had moderate restrictions in maintaining social functioning (Tr. 70, 96), and Dr. Gange also assessed moderate limitations in Plaintiff's ability to concentrate, persist, or maintain pace.

Dr. Gange opined that Plaintiff could: understand, carry out, and remember unskilled tasks; relate on a superficial basis on an ongoing basis with coworkers and supervisors; attend to task for sufficient periods of time to complete tasks; manage the stresses involved with unskilled work; and work best with little interaction with the general public.

Dr. Johnson opined that Plaintiff could: understand, remember, and follow simple to mildly complex instructions; have brief, superficial interactions with coworkers, supervisors, and the public; and sustain attention and concentration skills to carry out work-like tasks with reasonable pace and persistence.

The ALJ found these opinions well supported. In the RFC finding the ALJ found that Plaintiff: could perform work involving simple, routine, and repetitive tasks; should not be exposed to sudden or unpredictable workplace changes; should be introduced gradually to what

workplace changes do occur; could have occasional appropriate interaction with the general public; could interact occasionally with coworkers; and could interact occasionally with supervisors for necessary instruction related to task completion.

However, as Plaintiff has pointed out, the ALJ's RFC fails to include any mention of Plaintiff's limitation regarding his ability to "carry out work-like tasks with reasonable pace and persistence". Many jobs, even though simple and repetitive, require a very strenuous pace. As the ALJ did not include the limitation that Plaintiff only work with "reasonable" pace and persistence, the RFC is erroneous and requires a remand.

Next, Plaintiff argues that the ALJ failed to incorporate other impairments in combination into the RFC. Plaintiff claims that he is a recovering addict, has PTSD, sleep problems, migraines, urination issues, atypical chest pain, and hernias. However, as the Commissioner points out, Plaintiff has failed to cite to any medical evidence that any of these impairments resulted in limitations beyond what the ALJ assessed in the RFC. Thus, remand is not appropriate on this issue.

Next, Plaintiff argues that the ALJ erred in the weight he gave to Dr. Boen's opinion. However, a review of Dr. Boen's opinion and the ALJ's RFC fails to reveal any inconsistencies. Dr. Boen opined that Plaintiff: could understand what he was asked to do on a job; would have trouble remembering what he was asked to do on a job; would be able to concentrate on the job; would be able to stay on task; would have trouble being able to get along with coworkers; and would have trouble being able to get along with a boss. As noted above, the ALJ limited Plaintiff to simple work with no unpredictable workplace changes, and only occasional interaction with the public, coworkers, and supervisors. Thus the RFC adequately accounted for Dr. Boen's

opinion and nothing further is required.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Order.

Entered: August 30, 2019.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court